ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED

No. 13-5072

_____

## UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

JUDY GORDON,

Plaintiff-Appellant

v.

UNITED STATES CAPITOL POLICE,

Defendant-Appellee

_____

Appeal from the United States Court for the District of
Columbia in 12-cv-00671, Judge Richard J. Leon

_____

## BRIEF FOR PLAINTIFF-APPELLANT, JUDY GORDON
_____

Sara L. Faulman
slf@wmlaborlaw.com
WOODLEY & McGILLIVARY
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC  20005
(202) 833-8855

January 27, 2014                    *Counsel for Judy Gordon*

## <u>CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES</u>

Pursuant to F.R.A.P. 26.1, D.C. Cir. Rule 26.1, and D.C. Cir. Rule 28(a)(1), Counsel for Appellant Judy Gordon certifies as follows:

**A.     Parties, Intervenors and *Amici***

The parties, intervenors, and *amici* appearing before this Court are as follows:

      1.     Judy Gordon; and

      2.     United States Capitol Police.

**B.     Rulings Under Review**

The ruling under review is the February 14, 2013 Opinion and Order of the United States District Court for the District of Columbia, granting Appellee United States Capitol Police's Motion to Dismiss contained in Docket Nos. 11 and 12. The official case citation for the ruling is *Gordon v. United States Capitol Police*, 923 F. Supp. 2d 112 (D.D.C. 2013).

**C.     Related Cases**

Undersigned counsel is not aware of any related cases pending in this Court at this time.

Respectfully Submitted,


    ___/s/ Sara L. Faulman_____
Sara L. Faulman
*Counsel for Judy Gordon*

i

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Plaintiff-Appellant, Judy Gordon, by and through her undersigned counsel,
hereby requests that oral argument for this matter be set at a time convenient for
this Court.

Respectfully Submitted,

____/s/ Sara L. Faulman_____

Sara L. Faulman
*Counsel for Judy Gordon*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................. i

GLOSSARY OF ABBREVIATIONS AND ACRONYMS ................................ viii

STATEMENT OF JURISDICTION.............................................1

STATEMENT OF THE ISSUES..............................................1

PERTINENT STATUTES AND REGULATIONS ...................................2

STATEMENT OF THE FACTS ..............................................3

SUMMARY OF THE ARGUMENT ............................................6

ARGUMENT .........................................................8

I.  THE DISTRICT COURT ERRED IN FINDING THAT OFFICER GORDON
    DID NOT ESTABLISH A CLAIM FOR INTERFERENCE UNDER THE
    FMLA ........................................................10

    A. PURSUANT TO THE DOCTRINE OF *STARE DECISIS*, OFFICER
       GORDON NEED NOT SHOW THAT THE USCP ACTUALLY DENIED
       HER THE USE OF FMLA LEAVE TO SUCCEED ON HER
       INTERFERENCE CLAIM..................................11

    B. PURSUANT TO THE STATUTORY LANGUAGE, AND THE
       DEPARTMENT OF LABOR'S REGULATIONS CONCERNING THE
       FMLA, OFFICER GORDON NEED NOT SHOW THAT THE USCP
       DENIED HER THE USE OF FMLA LEAVE TO SUCCEED ON HER
       INTERFERENCE CLAIM..................................14

    C. OFFICER GORDON'S COMPLAINT STATES A CLAIM FOR
       UNLAWFUL INTERFERENCE ...............................16

II. THE DISTRICT COURT ERRED IN FINDING THAT OFFICER GORDON
    DID NOT ESTABLISH A CLAIM FOR RETALIATION UNDER THE
    FMLA ........................................................19

    A. THE DISTRICT COURT ERRED IN FINDING THAT OFFICER
       GORDON DID NOT SUFFER ADVERSE EMPLOYMENT ACTIONS ..21

       1. LOSS OF OVERTIME PAY  CONSTITUTES AN ADVERSE
          EMPLOYMENT ACTION ...............................22

       2. THE FITNESS FOR DUTY EXAMINATION CONSTITUTES AN
          ADVERSE EMPLOYMENT ACTION.........................24

B.  THE DISTRICT COURT ERRED BY REQUIRING THAT OFFICER GORDON'S COMPLAINT CONTAIN SUFFICIENT FACTUAL ALLEGATIONS TO REFUTE THE USCP'S ASSERTED JUSTIFICATIONS ....................................................................26

C.  THE DISTRICT COURT ERRED BY FAILING TO ACCEPT ALLEGATIONS MADE BY OFFICER GORDON AS TRUE..................28

III. CONCLUSION.................................................................................30

# TABLE OF AUTHORITIES

## Federal Statutes

2 U.S.C. § 1312 ................................................................................ 8, 15, 19

29 U.S.C. § 2615 .................................................................................. passim

29 U.S.C. § 2654 ............................................................................................15

## Federal Regulations

29 C.F.R. § 825.220 ................................................................................ 6, 15

29 C.F.R. § 825.300 ................................................................................ 6, 15

29 C.F.R. § 825.306 ......................................................................................18

29 C.F.R. § 825.308 ......................................................................................18

## Supreme Court Cases

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................ 9, 29

*Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) ........................................23

*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006) .............. 21, 25, 28

*Chevron, U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984) ..................................... 13, 16

*FCC v. Pacifica Foundation*, 438 U.S. 726 (1978) ..............................................14

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) ....................... 19, 26, 27

*Patterson v. McLean Credit Union*, 491 U.S. 164 (1989) ......................................12

*Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81 (2002) ...............................10

*Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000) ........................27

*Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468 (1987).............11

## Court of Appeals Cases

*Aka v. Wash. Hosp. Ctr.*, 156 F.3d 1284 (D.C. Cir. 1998) .....................................26

*\*Ali v. District of Columbia*, 697 F. Supp. 2d 88 (D.C. Cir. 2010)............ 20, 21, 27

*Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112 (9th Cir. 2001) ........................13

*Authorities upon which we chiefly rely are marked with asterisks.

*Bass v. Bd. of County Comm'rs*, 256 F.3d 1095 (11th Cir. 2001) ..........................23

*Bombadier Corp. v. Nat'l Railroad Passenger Corp.*, 333 F.3d 250
  (D.C. Cir. 2003)....................................................................................9

*Broska v. Henderson*, 70 F. App'x 262 (6th Cir. 2003)..........................................23

*Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135 (3d Cir. 2004) ..............13

*Gleklen v. Democratic Congressional Campaign Comm., Inc.*,
  199 F.3d 1365 (D.C. Cir. 2000)............................................................19

*LaRoque v. Holder*, 650 F.3d 777 (D.C. Cir. 2011) ....................................... passim

*Liu v. Amway Corp.*, 347 F.3d 1125 (9th Cir. 2003) ...............................................13

*Mardis v. Central Nat'l Bank & Trust*, 1999 U.S. App. LEXIS 7261
  (10th Cir. April 15, 1999)....................................................................13

*McFadden v. Ballard, Spahr, Andrews & Ingersoll*, 611 F.3d 1
  (D.C. Cir. 2010) .............................................................. 6, 10, 11, 12

*Rochon v. Gonzales*, 438 F.3d 1211 (D.C. Cir. 2006)............................... 7, 20, 27

*Saroli v. Automation and Modular Components, Inc.*, 405 F.3d 446
  (6th Cir. 2005) ....................................................................................13

*Sinopoli v. Regula*, 125 F.3d 844 (2d Cir. 1997) ..................................................23

*Smith v. BellSouth Telecomms., Inc.*, 273 F.3d 1303 (11th Cir. 2001)...................13

*Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111 (D.C. Cir. 2000) ......................27

*Stokes v. Cross*, 327 F.3d 1210 (D.C. Cir. 2003) ....................................................9

*United States v. Burwell*, 690 F.3d 500 (D.C. Cir. 2012)................................. 11, 12

## District Court Cases

*Alford v. Def. Intelligence Agency*, 908 F. Supp. 2d 164 (D.D.C. 2012) ......... 23, 24

*Bell v. Gonzales*, 398 F. Supp. 2d 78 (D.D.C. 2005)...................................... 22, 24

*Cole v. Powell*, 605 F. Supp. 2d 20 (D.D.C. 2009) ......................................... 21, 24

*Dorsey v. Jacobson Holman, PLLC*, 756 F. Supp. 2d 30 (D.D.C. 2010)...............20

*Franklin v. Potter*, 600 F. Supp. 2d 38 (D.D.C. 2009)..........................................25

*Gasser v. Ramsey*, 125 F. Supp. 2d 1 (D.D.C. 2000) ..................................... 22, 24

*Gordon v. USCP*, 923 F. Supp. 2d 112 (D.D.C. 2013)................................... passim

*Hunter v. D.C. Child and Family Servs. Agency*, 710 F. Supp. 2d 152
(D.D.C. 2010) ........................................................................................28

*Roseboro v. Billington*, 606 F. Supp. 2d 104 (D.D.C. 2009)..................................20

*Winston v. Clough*, 712 F. Supp. 2d 1 (D.D.C. 2010) ...................................... 20, 27

## <u>GLOSSARY OF ABBREVIATIONS AND ACRONYMS</u>

DOL                United States Department of Labor

FFDE              Fitness For Duty Examination

FMLA             Family and Medical Leave Act

USCP              United States Capitol Police

## STATEMENT OF JURISDICTION

Plaintiff-appellant invoked the jurisdiction of the United States District Court pursuant to 2 U.S.C. §§ 1408(a) and 1408(b).  This appeal is from a final order or judgment that disposes of all parties' claims.  Specifically, the District Court granted defendant-appellee's motion to dismiss, and dismissed the action, on February 14, 2013.  *Gordon v. United States Capitol Police*, 923 F. Supp. 2d 112 (D.D.C. 2013).  Plaintiff-appellant Gordon filed a timely Notice of Appeal on March 5, 2013, and this Court docketed the appeal on March 8, 2013.  This Court possesses jurisdiction to entertain this appeal pursuant to 28 U.S.C. § 1291

## STATEMENT OF THE ISSUES

1.     Whether the United States District Court for the District of Columbia erred in concluding that Appellant failed to state a claim for interference under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 *et seq*.?

2.     Whether the United States District Court for the District of Columbia erred in concluding that Appellant failed to state a claim for retaliation under the FMLA?

## PERTINENT STATUTES AND REGULATIONS

Pursuant to D.C. Cir. Rule 28(a)(5), Judy Gordon hereby submits the following as the pertinent statutes and regulations under review:

(1)     29 U.S.C. § 2601 *et seq*. (Family and Medical Leave Act), with a particular and non-exclusive emphasis on the following provisions:

(a) 29 U.S.C. § 2615(a)

(b) 29 U.S.C. § 2615(b)

(2)     2 U.S.C. § 1312, extending the rights and protections of the Family and Medical Leave Act to, *inter alia*, employees of the Capitol Police.

(3)     Regulations implementing the Family and Medical Leave Act, with a particular and non-exclusive emphasis on the following:

(a) 29 C.F.R. § 825.220(b)

(b) 29 C.F.R. § 825.220(c)

(c) 29 C.F.R. § 825.300(e)

(d) 29 C.F.R. § 825.306

(e) 29 C.F.R. § 825.308

## STATEMENT OF THE FACTS

Plaintiff-appellant Judy Gordon is a uniformed officer with the United States Capitol Police's ("USCP") Uniformed Services Bureau at the rank of Private First Class.  Complaint, Case 1:12-cv-00671-RJL, Document 1 (April 27, 2012) (hereinafter referred to as "Complaint"), ¶¶ 7-8.[1]  Tragically, Officer Gordon's husband committed suicide on October 27, 2010.  *Id*. ¶ 9.  On May 6, 2011, Officer Gordon submitted a request to the USCP for a bank of leave under the Family and Medical Leave Act ("FMLA") to be used in the future for the treatment of intermittent periods of depression resulting from the death of her husband.  *Id*. ¶ 13.  The USCP approved her request for 240 hours on May 20, 2011, and, upon approving her request, the USCP did not request that she submit to a fitness for duty evaluation or otherwise question her fitness for duty.  *Id*. ¶ 14.

From May 6, 2011 until July 20, 2011, Officer Gordon continued to work for USCP without incident, and did not request the use of any of the granted intermittent FMLA leave.  However, on July 20, 2011, the USCP suddenly revoked her police powers and ordered her to undergo a Fitness For Duty Examination ("FFDE").  Complaint, ¶¶ 15-18, 57.  The decision to revoke her

---

[1] The parties will utilize a deferred joint appendix pursuant to Rule 30 of the Federal Rules of Appellate Procedure and, pursuant to this Court's Briefing Schedule, will submit final briefs with references to the joint appendix by April 7, 2014.

police powers was made by Captain Bloxson, Deputy Chief Rogers, and Inspector Rouiller. *Id.* ¶ 26. The USCP was unable to provide any examples of actual behavior exhibited by, or actions taken by, Officer Gordon that led it to believe she was unfit for duty. *Id.* ¶¶ 26-27. However, Captain Bloxson, who had previously had a conversation with Inspector Rouiller about whether to revoke Officer Gordon's police powers, informed Officer Gordon that Inspector Rouiller was angry that officers were being granted FMLA leave, and that he had vowed to find a problem with Officer Gordon's request. *Id.* ¶¶ 29-30. The revocation of police powers and the requirement that she undergo a FFDE will go into her record at the USCP. Having a record of such revocation is detrimental to Officer Gordon's ability to obtain future salary increases, promotions and/or transfers during her career with USCP. *Id.* ¶ 63.

On July 21, 2011, more than two months after approving her FMLA leave request, the USCP ordered Officer Gordon to execute a waiver permitting her therapist to discuss her medical condition with the USCP. Complaint, ¶¶ 34-35. The USCP ultimately spoke with Officer Gordon's therapist and demanded that she send the USCP documentation of Officer Gordon's diagnosis. *Id.* ¶¶ 37-38. The USCP then ordered Officer Gordon to fill out a medical evaluation form and provide it to a USCP-appointed doctor, Neil Hibler. *Id.* ¶ 40. The USCP then ordered Officer Gordon to meet with Dr. Hibler; during that evaluation Dr. Hibler

required that Officer Gordon respond to more than 900 written questions and participate in an interview. *Id*. ¶¶ 42, 46, 47. On July 25, 2011, Officer Gordon was declared fit for duty and the USCP reinstated her police powers on July 26, 2011. *Id*. ¶ 48-49. During the intervening days, because the USCP revoked her police powers, Officer Gordon was not permitted to work two days of previously scheduled overtime, resulting in a significant loss of pay. *Id*. ¶ 25.

Two months later, on September 28, 2011, Officer Gordon's sister passed away. Complaint, ¶ 50. On October 16, 2011, Officer Gordon requested, for the very first time, to use some of her pre-approved FMLA leave to attend a therapy session, which required rescheduling a training course. *Id*. ¶¶ 56-57. Sergeant Merle became irate and refused Officer Gordon's request; later in the conversation he relented and, after ordering Officer Gordon to provide medical documentation of the request, permitted her to attend her therapy session. *Id*. ¶¶ 58-59, 61. In its regular practices and policies, the USCP does not require officers to submit written documentation in order to reschedule training courses. *Id*. ¶ 60.

On April 27, 2012, Officer Gordon filed a complaint against the USCP in the United States District Court for the District of Columbia, alleging both an interference and retaliation claim under the Family and Medical Leave Act. The USCP moved to dismiss the Complaint. The District Court erroneously granted the USCP's motion on February 14, 2013.

5

## SUMMARY OF THE ARGUMENT

The District Court erred in concluding that Officer Gordon failed to state a claim for either interference or retaliation under the Family and Medical Leave Act (FMLA).

The FMLA prohibits an employer from interfering with an employee's substantive FMLA rights. 29 U.S.C. § 2615(a)(1) ("[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter"). The FMLA itself does not define what constitutes interference. *Ibid.* This Court has previously held, however, that an employee can succeed on an FMLA interference claim without showing that her employer actually denied her any of the leave requested, if the employee can show that her employer interfered with the exercise of her FMLA rights and that she suffered some harm as a direct result of the violation. *McFadden v. Ballard, Spahr, Andrews & Ingersoll*, 611 F.3d 1, 7 (D.C. Cir. 2010). In addition, the regulations issued by the Department of Labor (DOL) do not require that an employee demonstrate their employer actually denied them the use of FMLA leave in order to maintain an interference action. *See, e.g.*, 29 C.F.R. §§ 825.220(b), 825.220(c), 825.300(e).

Here, the District Court erred when it failed to follow binding court precedent, ignored the language of the statute, failed to afford DOL's regulations

any deference and instead relied on a non-binding case from the Eight Circuit to find that interference claims require an actual denial of FMLA leave. Had the District Court followed this Court's precedent and the FMLA itself, and given proper deference to DOL, it would have found that the USCP interfered with Officer Gordon's rights under the FMLA when it, *inter alia*, stripped her of her police powers months after she submitted a request to potentially use intermittent FMLA leave in order to treat any depression that may arise due to the fact that her husband committed suicide, the revocation of which caused her to lose guaranteed overtime pay and diminished her career prospects.

The FMLA also prohibits employers from retaliating against employees who, *inter alia*, submit an FMLA leave request. 29 U.S.C. § 2615. To survive a motion to dismiss on an FMLA retaliation case, the plaintiff must allege facts that demonstrate that her employer retaliated against her because she engaged in protected activity. *Rochon v. Gonzales*, 438 F.3d 1211, 1219-20 (D.C. Cir. 2006). The District Court must accept all of the material allegations from the complaint as true, and must draw all reasonable inferences from those allegations in the plaintiff's favor. *LaRoque v. Holder*, 650 F.3d 777, 785 (D.C. Cir. 2011).

The District Court erred when it found that Officer Gordon's complaint did not demonstrate that the USCP retaliated against her because she could not prove that she suffered an adverse action. Officer Gordon's complaint demonstrated,

7

among other things, that she lost pay as an immediate result of the USCP's actions, and that being stripped of her police powers and forced to undergo a grueling FFDE would have a detrimental impact on her career.  Her complaint further demonstrated that the USCP took these actions merely because it dislikes granting employees FMLA leave, even in instances such as this, where a long-term officer merely requested the ability to use FMLA if needed to treat depression stemming from her husband's suicide.  The District Court also erred when it required that Officer Gordon – to survive a motion to dismiss – refute the employer's stated justifications for its actions and when it refused to accept as true the allegations put forth by Officer Gordon in her complaint.

## **ARGUMENT**

The Family and Medical Leave Act (FMLA) contains two claims that an employee can bring against an employer: (1) an interference claim, which prohibits the employer from interfering with an employee's substantive FMLA rights and (2) a retaliation claim, which prohibits the employer from discriminating against the employee because he or she engaged in activity protected by the FMLA.  29 U.S.C. § 2615(a)(1) and (2).  The FMLA applies to employees of the United States Capitol Police.  *See* 2 U.S.C. § 1312(a)(1) (applying, *inter alia*, the FMLA provisions to the USCP).

In her complaint, Officer Judy Gordon alleges that her employer, the USCP, both interfered with her FMLA rights and retaliated against her for exercising those rights. The USCP filed a motion to dismiss, alleging that Officer Gordon failed to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which the District Court granted on February 14, 2013.

This Court reviews de novo a District Court's grant of a motion to dismiss under Rule 12(b)(6). *Bombadier Corp. v. Nat'l Railroad Passenger Corp*., 333 F.3d 250, 252 (D.C. Cir. 2003); *Stokes v. Cross*, 327 F.3d 1210, 1214 (D.C. Cir. 2003). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not impose a probability requirement, it requires only that the plaintiff's allegations "raise a reasonable expectation that discovery will reveal evidence" in support of the plaintiff's claim. *Twombly*, 550 U.S. at 556. Moreover, the plaintiff is required only to plead factual content that would allow the "court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Critical to this case, in reviewing the District Court's grant of USCP's motion to dismiss for failure to state a claim, this Court "must accept as true all material allegations of the complaint, drawing all

reasonable inferences from those allegations in plaintiffs' favor." *LaRoque v.*

*Holder*, 650 F.3d 777, 785 (D.C. Cir. 2011) (internal quotation marks omitted).

## I.   THE DISTRICT COURT ERRED IN FINDING THAT OFFICER GORDON DID NOT ESTABLISH A CLAIM FOR INTERFERENCE UNDER THE FMLA

The FMLA provides that "[i]t shall be unlawful for any employer to interfere

with, restrain, or deny the exercise of or the attempt to exercise, any right provided

under this title."  29 U.S.C. § 2615(a)(1).  To state a claim for unlawful

interference, an employee must prove that her employer (1) interfered with his or

her exercise of FMLA rights and (2) that the interference caused prejudice to the

employee.  *Ragsdale v. Wolverine World Wide, Inc*., 535 U.S. 81, 89 (2002);

*McFadden*, *supra*, 611 F.3d at 7.

The District Court's ruling that Officer Gordon failed to state a claim of

interference under the FMLA was made pursuant to a legally invalid standard.  The

District Court erroneously held that, to prove that the employer interfered with the

exercise of FMLA rights, the plaintiff must show "that the employer denied the

employee entitlements under the FMLA." *Gordon v. USCP*, 923 F. Supp. 2d 112,

115-116 (D.D.C. 2013) (citing *Quinn v. St. Louis Cnty*., 653 F.3d 745, 753 (8th

Cir. 2011)).  The legal precedent in this Circuit, as well as the plain language of the

statute and Department of Labor (DOL) regulations, preclude any requirement that

the plaintiff demonstrate that her employer actually denied her FMLA leave to

succeed on an FMLA interference claim.  Because the District Court erred as a

matter of law, and because Officer Gordon alleged facts supporting a claim for

unlawful interference, the judgment in the USCP's favor must be reversed.

### A.    PURSUANT TO THE DOCTRINE OF *STARE DECISIS*, OFFICER GORDON NEED NOT SHOW THAT THE USCP ACTUALLY DENIED HER THE USE OF FMLA LEAVE TO SUCCEED ON HER INTERFERENCE CLAIM

The sole justification for the District Court's erroneous ruling that an

employee must show that her employer actually denied her the use of FMLA leave

is non-binding Eighth Circuit case law.  *Gordon, supra,* 923 F. Supp. 2d at 116.

The District Court, however, made a fundamental error by ***ignoring binding***

***precedent in this Circuit on this very issue***.  In *McFadden v. Ballard, Spahr,*

*Andrews & Ingersoll*, 611 F.3d 1 (D.C. Cir. 2010), this Court reversed a district

court's grant of summary judgment with respect to the plaintiff's claim of

interference in violation of the FMLA.  Specifically, this Court found that an

employee ***can*** succeed on an FMLA interference claim ***although*** her employer did

not deny her the use of requested leave.  *Id*. at 7.  The District Court not only

ignored this clear ruling – but it found the exact opposite.

As this Court has recognized, the longstanding legal doctrine of *stare decisis*

is of "fundamental importance to the rule of law."  *United States v. Burwell*, 690

F.3d 500, 504 (D.C. Cir. 2012) (quoting *Welch v. Texas Dep't of Highways & Pub.*

*Transp.*, 483 U.S. 468, 494 (1987)).  To depart from established precedent requires

special justification – and the burden borne "by a party urging the disavowal of an established precedent is greater 'where the Court is asked to overrule a point of statutory construction ... for here, unlike in the context of constitutional interpretation, ... Congress remains free to alter what we have done." *Id.* (quoting *Patterson v. McLean Credit Union*, 491 U.S. 164, 172-173 (1989)).

There are only a narrow range of circumstances that provide special justification for overturning precedent: when there has been an intervening development in the law that necessitates a shift in the Court's position; where an intervening development weakened or removed the "conceptual underpinnings from the prior decision;" where the precedent creates inherent confusion caused by an unworkable precedent; where the decision poses a "direct obstacle to the realization of important objectives embodied in other laws;" or if an *en banc* court of appeals finds that other circuits have persuasively argued a contrary construction. *Burwell*, 690 F.3d at 504 (citations and quotations omitted).

Here, there is no special justification for the disavowal of this Court's established precedent. There has been no intervening development in the law since this Court issued its decision in *McFadden* in 2010. There is no confusion wrought by the decision, and it does not thwart important objectives set forth in other laws. Moreover, the vast majority of other Circuit Courts have agreed with this Court and found that FMLA interference claims do not require that the plaintiff

12

demonstrate she was denied FMLA leave.  *See*, *e.g.*, *Saroli v. Automation and Modular Components, Inc.*, 405 F.3d 446, 454 (6th Cir. 2005) (finding that the plaintiff sufficiently alleged an FMLA interference claim where the defendants only discouraged her from taking leave by requiring that she present a fitness-for-duty certification without notice and by failing to provide her with notice of her rights under the FMLA); *Liu v. Amway Corp.*, 347 F.3d 1125, 1132-1133 (9th Cir. 2003) (finding that the FMLA's interference claim, as interpreted by DOL, includes both outright denials *as well as* actions taken by an employer to merely "discourage" an employee from taking or requesting FMLA leave); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1124 (9th Cir. 2001) (finding that any actions by an employer to deter an employee's participation in protected activities constitute interference); *Mardis v. Central Nat'l Bank & Trust*, 1999 U.S. App. LEXIS 7261, *6-8 (10th Cir. Apr. 15, 1999) (giving *Chevron* deference to DOL's regulation and finding that an FMLA interference claim need not include an actual denial of FMLA leave); *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 146-47 n. 9 (3d Cir. 2004) (discussing and adopting the reasoning of the Ninth Circuit in *Bachelder*); *Smith v. BellSouth Telecomms., Inc.*, 273 F.3d 1303, 1313 (11th Cir. 2001) (reasoning that if employees could not bring an action for interference without an outright denial, employers would merely chill their employees' willingness to use FMLA leave).

13

The District Court erred by failing to follow binding precedent in this Circuit. For this reason alone, this Court should overturn its decision concerning Officer Gordon's FMLA interference claim.

> **B.** **PURSUANT TO THE STATUTORY LANGUAGE, AND THE DEPARTMENT OF LABOR'S REGULATIONS CONCERNING THE FMLA, OFFICER GORDON NEED NOT SHOW THAT THE USCP DENIED HER THE USE OF FMLA LEAVE TO SUCCEED ON HER INTERFERENCE CLAIM**

Not only did the District Court err when it ignored binding precedent in this Circuit, but it also erred when it ignored the language of the FMLA itself and failed to give appropriate deference to regulations issued by the Department of Labor (DOL) concerning interference claims.

The FMLA does not precisely define the activities that constitute unlawful interference. *See* 29 U.S.C. § 2615(a)(1). However, the FMLA does state that it shall be unlawful "for any employer to interfere with, restrain, *or* deny the exercise of or the attempt to exercise, any right" under the FMLA. *Id*. (emphasis added). Fundamental principles of statutory construction require statutory terms connected in the disjunctive to be given separate meanings. *See FCC v. Pacifica Foundation*, 438 U.S. 726, 739-740 (1978). Congress specifically provided that it is unlawful to "interfere with, restrain, *or* deny..." If an outright denial was required in every instance in order to bring an interference claim, it would render the statutory terms

"interfere with" and "restrain" to be synonymous with "deny." There is no support for such an interpretation.

Moreover, the DOL has issued regulations interpreting interference claims under the FMLA that define the term "interfere with" as including, "for example, not only refusing to authorize FMLA leave, but ***discouraging*** an employee from using such leave." 29 C.F.R. § 825.220(b) (emphasis added). DOL's regulations also provide examples of the activities that would constitute unlawful interference. For example, the regulations provide that an employer can be found to have interfered with an employee's FMLA rights if the employer uses the taking of FMLA leave as a negative factor in employment. The regulations further provide that a failure to follow the notice requirements may constitute interference with an employee's FMLA rights. 29 C.F.R. §§ 825.220(c), 825.300(e).

Congress has specifically authorized the DOL to issue these regulations implementing the FMLA. 29 U.S.C. § 2654. Congress has also specifically mandated that any regulations adopted by the USCP with respect to the FMLA must be the same as those promulgated by the DOL. 2 U.S.C. § 1312(d)(2). Accordingly, the substance of DOL's regulations with respect to interference claims under the FMLA apply to Officer Gordon.

Where a statute is silent as to an issue, and the interpreting agency's regulations are not arbitrary, capricious, or manifestly contrary to the statute, those

regulations are entitled to deference.  *Chevron, U.S.A., Inc. v. NRDC*, 467 U.S. 837, 844 (1984).  Because the statute at issue here, the FMLA, is silent as to the definition of the term "interfere with," and DOL's regulations are not arbitrary, capricious, or manifestly contrary to the statute, those regulations are entitled to *Chevron* deference by the District Court.  Under DOL's regulations interpreting the FMLA, interference claims do not require an employee to demonstrate an outright denial of requested FMLA leave.

The District Court erred by ignoring the text of the FMLA and by failing to afford DOL's regulations any deference when it held that the employee must demonstrate that he or she was actually denied FMLA leave to maintain a claim for unlawful interference.

### C.    OFFICER GORDON'S COMPLAINT STATES A CLAIM FOR UNLAWFUL INTERFERENCE

The material allegations in Officer Gordon's complaint are replete with evidence of unlawful interference, including acts that would discourage an employee from using FMLA leave, as well as evidence that the USCP's actions caused her prejudice.  Had the District Court not erred by failing to follow binding precedent and by disregarding the text of the FMLA, as well as DOL's regulations concerning interference, and "accept[ed] as true all material allegations in the complaint, drawing all reasonable inferences from those allegations in plaintiffs' favor," the District Court would have found that Officer Gordon stated a claim for

16

interference under the FMLA. *LaRoque v. Holder*, 650 F.3d 777, 785 (D.D. Cir. 2011).

After she returned to work following the death of her husband, Officer Gordon submitted a request for future intermittent FMLA leave to treat any depression that may arise as a result of his suicide. Two months after the USCP pre-approved her request, it – without any justification – revoked her police powers pending a fitness for duty examination. When pressed, the USCP was unable to articulate any specific act or acts that Officer Gordon engaged in that caused her employer to question her fitness for duty. Complaint, ¶¶ 14-18, 27, 57. The only justification offered by the USCP was, essentially, that Officer Gordon submitted an FMLA request. The USCP's unwillingness to comply with its statutory obligation to provide FMLA leave was further demonstrated when an official informed Officer Gordon that her supervisor was angry that officers were submitting and being approved for FMLA leave and had vowed to find a problem with her request. Complaint, ¶ 27. The USCP continued to harass Officer Gordon for submitting an FMLA request even after she ultimately passed her FFDE. When Officer Gordon eventually asked to use pre-approved leave after her sister passed away, her supervisor became irate and initially denied her request. Complaint, ¶ 58. Such strong-arm tactics demonstrate that the USCP acted in such

17

a way that would discourage an employee from requesting FMLA leave, and therefore interfered with Officer Gordon's rights under the FMLA.

Moreover, the USCP interfered with Officer Gordon's rights when it unlawfully requested certain medical documentation in violation of DOL's regulations.  Under the FMLA, an employer is permitted to request medical certification in *only* two instances: at the time an employee requests FMLA leave and again for recertification "only in connection with an absence."  29 C.F.R. §§ 825.306, 825.308.  In addition, the type and extent of information an employer can request is limited by regulation, and the employer may not require the employee to authorize the employer to speak directly to her health provider.  29 C.F.R. § 825.306.  Here, a full two months after the USCP approved her request for intermittent FMLA leave, it ordered Officer Gordon to authorize her therapist to discuss her medical condition with USCP – contrary to law – and ordered Officer Gordon to meet with a USCP doctor who then required that she answer more than 900 written questions and participate in an interview.  Complaint, ¶¶ 35, 42, 47.  These orders violate the FMLA as they were not made either at the time she submitted her request or in connection with a later FMLA absence.  29 C.F.R. §§ 825.306, 825.308.  Any violation of the FMLA, including the medical certification provisions, constitutes unlawful interference.  *See* 29 U.S.C. § 2615(a)(1) (it shall be unlawful to interfere with "any right" provided for by the FMLA).

18

Moreover, although this is not required to establish interference, Officer

Gordon's complaint demonstrates that the USCP's interference caused her

prejudice and harm.  After the USCP revoked her police powers without cause,

Officer Gordon was prohibited from working previously scheduled overtime,

resulting in a direct loss of pay.  Complaint, ¶ 24-25.  Moreover, the mere fact that

she was relieved of her police powers and required to undergo a FFDE, and the

extensive record of that examination, will have a detrimental impact on her career.

Complaint, ¶ 63.  Finally, Officer Gordon was required to incur expenses in

connection with the fitness for duty examination.  Complaint, ¶ 64.  Viewing the

facts in the light most favorable to Officer Gordon, the District Court erred in

finding that she could not demonstrate a claim of unlawful interference.

## II.     THE DISTRICT COURT ERRED IN FINDING THAT OFFICER GORDON DID NOT ESTABLISH A CLAIM FOR RETALIATION UNDER THE FMLA

In addition to prohibiting interference, the FMLA also prohibits employers

from retaliating against employees for asserting their rights under the FMLA.  29

U.S.C. § 2615(a)(2); 2 U.S.C. § 1312(a)(1).

Claims of FMLA retaliation are analyzed under the burden-shifting analysis

established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S.

792, 793 (1973).  *See, e.g., Gleklen v. Democratic Congressional Campaign*

*Comm., Inc*., 199 F.3d 1365 (D.C. Cir. 2000); *Roseboro v. Billington*, 606 F. Supp.

2d 104, 109 (D.D.C. 2009).  To ultimately prevail, a party must show that she

engaged in protected activity, that she suffered an adverse employment action, and

that there was a casual connection between the two.[2]  *Dorsey v. Jacobson Holman,*

*PLLC*, 756 F. Supp. 2d 30, 37 (D.D.C. 2010) (citing *Roseboro*, 606 F. Supp. 2d at

109).

     As with other retaliation claims, however, the plaintiff need not prove a

prima facie retaliation case at the motion to dismiss stage.  *Ali v. District of*

*Columbia*, 697 F. Supp. 2d 88, 91 (D.C. Cir. 2010); *see also Winston v. Clough*,

712 F. Supp. 2d 1, 10 (D.D.C. 2010) (finding that the pleading requirements of

Federal Rule of Civil Procedure 8(a)(2) do not demand that a plaintiff's complaint

show evidence of pretext).  To survive a motion to dismiss, "all the complaint has

to say is the [employer] retaliated against me because I engaged in protected

activity."  *Rochon v. Gonzales*, 438 F.3d 1211, 1219-20 (D.C. Cir. 2006) (internal

citations and quotations omitted).  Here, Officer Gordon alleged that the USCP

was generally antagonistic to FMLA requests.  Officer Gordon also alleged that

USCP management was specifically angry that her request for intermittent leave to

---

[2] The USCP concedes that Officer Gordon engaged in protected activity when she
submitted a request for intermittent FMLA leave and thereby meets the first prong
of the test.  *Gordon*, *supra*, 923 F. Supp. 2d 116-117.  In addition, although the
District Court did not specifically consider the third prong, Officer Gordon's
complaint alleges that the actions taken against her were taken ***because*** she
submitted her request for FMLA leave.  *See, e.g*., Complaint, ¶ 19.

treat depression – submitted on the heels of her husband's death – was granted, and therefore punished her for submitting such a request.

In finding that Officer Gordon's complaint failed to state a claim, the District Court erred by finding that she could not demonstrate an adverse employment action, by requiring that her complaint set forth evidence of pretext and by failing to "accept as true all material allegations of the complaint [and] drawing all reasonable inferences from those allegations in plaintiffs' favor," *LaRoque*, 650 F.3d at 785.

### A.   THE DISTRICT COURT ERRED IN FINDING THAT OFFICER GORDON DID NOT SUFFER ADVERSE EMPLOYMENT ACTIONS

An adverse employment action for purposes of FMLA retaliation claims "is one that might have dissuaded a reasonable worker" from engaging in the protected activity.  *Cole v. Powell*, 605 F. Supp. 2d 20, 26 (D.D.C. 2009) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).  *See also, Ali*, *supra*, 697 F. Supp. 2d at 92.  Officer Gordon's complaint contained sufficient factual matter, accepted as true (*LaRoque*, *supra*, 650 F. 3d at 785), to demonstrate that the USCP took adverse employment actions against her because she requested intermittent FMLA leave.

## 1.    LOSS OF OVERTIME PAY CONSTITUTES AN ADVERSE EMPLOYMENT ACTION

The District Court erred when it found that a loss of overtime pay does not constitute an adverse action. *Gordon*, *supra*, 923 F. Supp. 2d at 117. Although this Circuit has not ruled on whether the loss of overtime pay may constitute an adverse action in an FMLA retaliation claim, the District Court for the District of Columbia has consistently so held, and this Circuit has found that the loss of a similar type of pay constitutes an adverse action.

In *Gasser v. Ramsey*, 125 F. Supp. 2d 1 (D.D.C. 2000), a police officer brought suit against his employer for, *inter alia*, discrimination under the Americans with Disabilities Act. The plaintiff alleged that he suffered an adverse employment action when his employer transferred him to another department where he would be ineligible to work overtime. The employer argued that the employee was never "entitled" to earn overtime, and therefore had not demonstrated harm. *Id*. at 5. The District Court disagreed, and found that the plaintiff had stated a claim under the ADA because the loss of overtime possibility constitutes a "tangible loss of benefits, and it matters not whether Plaintiff was legally 'entitled' to the overtime pay or not." *Ibid*.

The District Court for the District of Columbia again found that lost overtime could constitute an adverse action in *Bell v. Gonzales*, 398 F. Supp. 2d 78, 97 (D.D.C. 2005). There, the court noted that although this Circuit has not

squarely addressed whether the loss of an opportunity to work overtime is actionable, it has found that the denial of a discretionary monetary bonus, even if unsubstantial, could be considered an adverse action. "Overtime pay is analogous to a monetary performance-based bonus, in the sense that it is not part of an employee's salary and benefits package ... but it is clearly a tangible monetary advantage to those who are assigned overtime work." *Ibid*. (citing *Russell v. Principi*, 257 F.3d 815 (D.C. Cir. 2001)). Thus, the district court concluded that "lost opportunity for overtime" is an adverse employment action "where the trier of fact could reasonably conclude that plaintiff in the past sought opportunities for overtime pay or it was otherwise known to defendant that plaintiff desired such opportunities." *Ibid*.

These decisions are consistent with other appellate courts that have similarly found that denials of overtime could constitute adverse employment actions. *See, e.g., Broska v. Henderson*, 70 F. App'x 262, 267-68 (6th Cir. 2003) (citing *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 762 (1998), *Bass v. Bd. of County Comm'rs*, 256 F.3d 1095, 1118 (11th Cir. 2001), *Sinopoli v. Regula*, 125 F.3d 844 (2d Cir. 1997)).

In finding here that Officer Gordon's loss of overtime pay did not constitute an adverse action, the District Court based its decision on *Alford v. Def. Intelligence Agency*, 908 F. Supp. 2d 164 (D.D.C. 2012), a case which is easily

distinguishable.  There, the district court did not find that loss of overtime would never give rise to the level of actionable retaliation.  Instead, it found that under the facts in *Alford*, where the plaintiff was told to leave a meeting at his regularly scheduled shift end time and had not been previously promised overtime, the plaintiff was unable to show *any* tangible harm – i.e., loss of pay or benefits.  *Id.*

Here, Officer Gordon asserts that she was ***guaranteed*** to work two days, or 16 hours, of overtime as the overtime hours were scheduled overtime.  After the USCP unlawfully ordered her to take a fitness for duty examination and revoked her police powers they told her that she was ineligible to work the previously scheduled overtime.  Complaint, ¶ 25.  Being made ineligible to receive sixteen hours of previously guaranteed overtime pay as punishment for submitting a request for FMLA leave would dissuade a reasonable employee from requesting FMLA leave.  The District Court erred when it failed to accept those material allegations as true, and therefore erred in finding that the Officer Gordon's loss of overtime pay did not constitute an adverse action.  *Bell, supra*, 398 F. Supp. 2d at 97; *Gasser*, *supra*, 125 F. Supp. 2d at 5; *Cole, supra*, 605 F. Supp. 2d at 26.

### 2.    THE FITNESS FOR DUTY EXAMINATION CONSTITUTES AN ADVERSE EMPLOYMENT ACTION

Similarly, the District Court erred in finding that the FFDE did not constitute an adverse employment action.  *Gordon*, *supra*, 923 F. Supp. 2d at 117.

An FFDE can rise to the level of an adverse employment action if coupled with further evidence of humiliation or harm.  *Franklin v. Potter*, 600 F. Supp. 2d 38, 59-62 (D.D.C. 2009).  In *Franklin*, which was decided after a motion for summary judgment – after the parties had the opportunity for discovery – as opposed to a motion to dismiss, the court found that the plaintiff's fitness for duty examination was not an adverse employment action because he did not "produce[] any evidence that the exams themselves 'were particularly grueling or humiliating,' [], nor [did] he specifically allege that these exams 'produce[d] an injury or harm." *Id*. at 60 (quoting *Burlington*, 548 U.S. at 67).

Here, Officer Gordon's complaint contains "further evidence."  First, as part of the FFDE, the USCP unlawfully ordered Officer Gordon to give the USCP permission to speak privately with Officer Gordon's therapist.  Complaint, ¶ 35.  In addition, Officer Gordon asserts that the FFDE was particularly grueling as it consisted of answering more than 900 questions before submitting to a personal interview.  Complaint, ¶ 47.  Officer Gordon also asserts that the examination produced an injury or harm because the very fact that her employment record will reflect that she was required to submit to a fitness for duty examination will have a detrimental impact on her ability to obtain future salary increases, promotions and transfers.  *Id.* ¶63.  Being subject to such an examination, coupled with the harm to one's future career prospects, would dissuade a reasonable employee from

25

submitting similar FMLA leave requests.  Thus, the District Court erred when it

failed to accept those material allegations as true, and erred in finding that the

FFDE could not constitute an adverse employment action.

### B.   THE DISTRICT COURT ERRED BY REQUIRING THAT OFFICER GORDON'S COMPLAINT CONTAIN SUFFICIENT FACTUAL ALLEGATIONS TO REFUTE THE USCP'S ASSERTED JUSTIFICATIONS

The District Court also erred when it treated the USCP's motion to dismiss

as a motion for summary judgment and found that even if Officer Gordon's

complaint did sufficiently allege an adverse action, it must dismiss the action

because Officer Gordon "has presented no evidence that [the USCP's actions were]

pretextual."  *Gordon*, 923 F. Supp. 2d at 116-117.  Under the District Court's

reasoning, Officer Gordon must – without having had the opportunity to engage in

discovery – allege specific facts refuting the employer's asserted reason for taking

adverse actions against her.

Under the *McDonnell-Douglas* framework, once the plaintiff has established

its prima facie case, the employer must produce evidence of a legitimate, non-

discriminatory reason for its actions.  At that point, if the employer is successful in

putting forth such evidence, this Court has concluded that *in order to survive

summary judgment* the burden shifts back to the employee to produce evidence that

the legitimate reason was pretextual.  *Aka v. Wash. Hosp. Ctr.*, 156 F.3d 1284,

1290 (D.C. Cir. 1998).

26

However, motions to dismiss are analyzed under a different standard than motions for summary judgment.  Unlike a motion for summary judgment, to defeat a motion to dismiss on a retaliation claim the plaintiff need not even prove her prima facie case (*Ali*, *supra*, 697 F. Supp. 2d at 91), let alone produce facts demonstrating that the employer's stated reason is pretextual.  The plaintiff is, quite simply, not required to negate the defendant's proffered explanations for the alleged adverse treatment to survive a motion to dismiss.  *Rochon*, *supra*, 438 F.3d at 1219-1220; *Winston, supra*, 712 F. Supp. 2d at 10 (citing *Sparrow v. United Air Lines, Inc*., 216 F.3d 1111, 1114 (D.C. Cir. 2000), abrogated on other grounds).

Here, not only did the District Court fail to accept Officer Gordon's allegations as true, but it misconstrued the burden required of Officer Gordon, and held her to an evidentiary standard that should not be applied with respect to a motion to dismiss.  As the Supreme Court has held, the plaintiff must "be afforded a ***fair opportunity*** to show that [the employer's] stated reason . . . was in fact pretext."  *McDonnell Douglas Corp., supra,* 411 U.S. at 804 (emphasis added). *See also Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 144 (2000). Discovery in this case was stayed pending disposition of the motion to dismiss. Because Officer Gordon was not permitted to engage in discovery, she was denied any opportunity, let alone a "fair opportunity," to show that the USCP's stated reason "was in fact pretext."

This is similar to what the district court previously found to be improper in *Hunter v. D.C. Child and Family Servs. Agency*, 710 F. Supp. 2d 152, 160 (D.D.C. 2010). There, the court found that unlike cases decided on summary judgment, a motion to dismiss on a retaliation claim made prior to discovery should be denied because the "issue of whether a particular employment action is materially adverse is fact intensive and 'depends on the circumstances of the particular case.'" *Id.* (citing *Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 71 (2006)). There, as here, "the circumstances of this case are not known at this time because ***no discovery has taken place*...*" *Id.* (emphasis added).

## C.    THE DISTRICT COURT ERRED BY FAILING TO ACCEPT ALLEGATIONS MADE BY OFFICER GORDON AS TRUE

Finally, the District Court erred by making credibility determinations concerning the factual allegations set forth by Officer Gordon.

Even without having had the opportunity for discovery, Officer Gordon asserted facts in her Complaint that the USCP's justification for revoking her police powers and subjecting her to an onerous fitness for duty examination were indeed pretext. Specifically, Officer Gordon demonstrated that after the USCP approved her request for intermittent FMLA leave, she worked without incident, and without requesting any leave, for a full two months before the USCP decided to revoke her police powers and subject her to such an examination. Complaint, ¶¶ 14-15. This utter lack of urgency alone calls into question the USCP's motivation. Moreover,

28

the USCP has never been able to articulate any specific action she took or behavior she engaged in – other than submitting an FMLA request – that made it question her fitness for duty.  *Id.*, ¶ 27.  Indeed, at not any point after Officer Gordon returned to work following the death of her husband until her police powers were revoked had Officer Gordon even asked to use any of the pre-approved leave to treat depression.  *Id.*, ¶ 57.  In addition, Officer Gordon established that USCP management was angry about the granting of FMLA leave, and had specifically vowed to find a problem with her request.  *Id.*, ¶¶ 29-30.  Finally, Officer Gordon further established pretext when she demonstrated that after she finally submitted her first request to use FMLA leave in order to attend a therapy session, the need for which was triggered by her sister's death in combination with the one year anniversary of her husband's suicide, USCP management responded by becoming irate and violating its own policies and procedures by requiring that she submit a doctor's note in order to reschedule a training course so that she could attend therapy.  *Id.*, ¶¶ 58-60.

The District Court was required to accept these material allegations as true. Instead, however, it found those facts to be "not convincing."  *Gordon*, *supra*, 923 F. Supp. 2d at 117.  This determination is contrary to Supreme Court precedent, which require district courts to assume "all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, *supra*, 550 U.S. at 555; *LaRoque*, *supra*, 650

29

F.3d at 785.  The District Court's failure to so treat the material allegations made by Officer Gordon constitute reversible error.

## III.    CONCLUSION

For the reasons set forth above, the District Court erred in finding that Officer Gordon failed to state a claim for either FMLA interference or retaliation. Accordingly, Officer Gordon respectfully requests that this Court reverse the District Court's grant of the USCP's motion to dismiss and remand the case for further proceedings in the District Court.

Respectfully Submitted,


____/s/ Sara L. Faulman_____
Sara L. Faulman
WOODLEY & McGILLIVARY
1101 Vermont Ave., N.W.
Washington, DC  20005
Phone: 202.833.8855
Facsimile: 202.452.1090
slf@wmlaborlaw.com

*Counsel for Judy Gordon*

30

## <u>CERTIFICATE OF COMPLIANCE</u>

**I HEREBY CERTIFY**, pursuant to F.R.A.P. 32(a)(7)(C) and D.C. Cir.

Rule 32(a)(3)(C), the following:

1. This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) because this brief contains 6,865 words, excluding the parts of the

brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5)

and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has

been prepared in a proportionally spaced typeface using Microsoft Word in Times

New Roman, 14

　　　/s/ Sara L. Faulman_____
　　　Sara L. Faulman
　　　*Counsel for Judy Gordon*

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that a copy of the foregoing Brief for Plaintiff-

Appellant Judy Gordon was electronically filed this 27th day of January, 2014, via

the Court's CM/ECF electronic filing system, which will send notice to:

> R. Craig Lawrence, Esq.
> Email: <u>craig.lawrence@usdoj.gov</u>

> Frederick M. Herrera
> Email: <u>Frederick.Herrera@uscp.gov</u>

It is further certified that, pursuant to the Court's Administrative Order Regarding

Electronic Case Filing, ECF-6(C), and D.C. Cir. Rule 31(b), five paper copies of

the foregoing will be sent to the Clerk of the Court via First Class Mail on the 28th

day of January, 2014.


> _____/s/ Sara L. Faulman_____
> Sara L. Faulman
> *Counsel for Judy Gordon*